# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE J. MARTINEZ, ELIDA ARIAS, JOSEPH D. MARTINEZ, and JESSE L. MARTINEZ,<br><br>    Plaintiffs,<br><br>    v.<br><br>TIMOTHY WEBSTER and JASON COOK,<br><br>    Defendants. | Case No. 1:13-CV-00320-LJO-SMS<br><br>ORDER ON PARTIES' MOTIONS IN LIMINE.<br><br>(Docs. 56-57) |

This case concerns the circumstances surrounding the March 4, 2011 detention of Plaintiffs Joseph D. and Jesse L. Martinez and the arrest of their father, Jose J. Martinez, by Stanislaus County Sheriff's Department (SCSD) officer Jason Cook and Stanislaus County Animal Control Officer Timothy Wester. Both parties submitted timely motions in limine. Plaintiffs opposed the single motion brought by Defendants. Defendants opposed two of Plaintiffs' seven motions and stipulated to the remainder.

## I. DISCUSSION

### A. Defendants' Request to Exclude Post-Criminal Complaint Activities

Defendants seek to exclude evidence of "all events occurring after a criminal complaint was filed, including the District Attorney's decision to dismiss the case." Doc. 56. Generally, the filing of a criminal complaint immunizes investigating officers from damages suffered thereafter "because it is

presumed that the prosecutor filing the complaint exercised independent judgment in determining that probable cause for an accused's arrest exists at that time." *Smiddy v. Varney*, 665 F.2d 261, 266 (9th Cir. 1981) (overruled on other grounds). This presumption may be rebutted, however, where arresting officers knowingly present false information to the district attorney. *Id.* at 266-67. Plaintiffs previously produced testimonial evidence that, if believed, suggests Defendant Timothy Wester knowingly presented false information to the district attorney, and the Court anticipates such evidence will be presented at trial. At this time, the Court will not exclude preemptively evidence of events occurring after any criminal complaint was filed. Accordingly, the Court DENIES WITHOUT PREJUDICE Defendants' request.

**B.     Plaintiffs' Requests to Exclude Evidence of Prior Lawsuits and Certain Character Evidence**

Plaintiffs seek to exclude evidence of any other lawsuits they have brought against law enforcement agencies, along with any testimony provided by Plaintiffs in the context of such lawsuits. Doc. 58. Defendants concede that such evidence may not be relevant to this case standing alone, but may become so depending on testimony provided at trial. Doc. 58. This Court agrees that such evidence cannot be excluded entirely at this time, as such evidence may be relevant, depending on the nature of Plaintiffs' testimony. Accordingly, the Court DENIES WITHOUT PREJUDICE Plaintiffs' requests to exclude evidence of prior lawsuits.

Plaintiffs separately seek to exclude character evidence. "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, such evidence may be allowed on cross-examination "if it is probative of the character for truthfulness or untruthfulness of [] the witness or [] another witness whose character the witness being cross-examined has testified about." Fed. R. Evid. 608(b). The Court cannot rule on the admissibility of character evidence in a vacuum. Accordingly, the Court DENIES WITHOUT

PREJUDICE Plaintiffs' requests to exclude certain character evidence.

## II. ORDER

The Court DENIES WITHOUT PREJUDICE Defendants' motion in limine and the fourth and seventh requests contained in Plaintiffs' motion in limine. The Court need not address Plaintiffs' other requests, because Defendants stipulate to them.

IT IS SO ORDERED.

Dated: __**July 6, 2015**__                    __/s/ Lawrence J. O'Neill__
                                                                        UNITED STATES DISTRICT JUDGE